**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0806-20

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JOHN A. PAY,

    Defendant-Appellant.

_____

Submitted March 1, 2022 – Decided March 9, 2022

Before Judges Fisher and Currier.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Indictment No. 19-05-0418.

Joseph E. Krakora, Public Defender, attorney for appellant (Stefan Van Jura, Assistant Deputy Public Defender, of counsel and on the brief).

Robert J. Carroll, Morris County Prosecutor, attorney for respondent (Paula Jordao, Assistant Prosecutor, on the brief).

PER CURIAM

Following the denial of his motion to suppress evidence seized during a warrantless search of his motor vehicle, defendant pleaded guilty to third-degree resisting arrest, disorderly persons drug paraphernalia possession, and an open container offense, and was sentenced to a probationary term. He appeals the denial of the suppression motion, arguing police lacked "reasonable and articulable suspicion of criminal activity necessary to request consent to search" his car. We reject defendant's arguments and affirm.

Officer Kyle Parril was the only witness to testify at the suppression hearing. From his testimony, the trial judge determined that the officer initially approached defendant's vehicle because it was "imperfectly" parked[1] and in an area toward the back of a Walmart department store in Riverdale. The officer observed that the windshield was "smashed," and a male was sitting in the driver's seat. The judge credited the officer's testimony that this parking lot was "a common narcotics area for drug users."

Having made these observations, the officer "approached [defendant's] vehicle and inquired . . . why [he] was in the parking lot." The judge found that

---

[1] We gather from the officer's testimony that this meant the vehicle was not parked between the lines.

A-0806-20

this approach and the inquiry that followed "was a brief, non-intrusive encounter which was not harassing, overbearing, or accusatory in nature."

The judge found that it was during this proper field inquiry that Officer Parril "developed suspicion of criminal wrongdoing." During the encounter, the officer noticed an open container of alcohol in the backseat. Defendant responded that he had been drinking the night before. In checking defendant's driving credentials, the officer learned defendant had been arrested in a nearby town for illegal drug possession in a motor vehicle a week earlier. When the officer inquired, defendant responded that the arrest occurred "months ago."

The officer asked defendant whether he had any drugs in the car. The judge found that in response defendant "unilaterally" offered to allow the officer to search the vehicle "on three occasions." Defendant, in fact, signed a consent form for the search of the vehicle that the officer presented to him. The judge found defendant knowingly and voluntarily executed the form and consented to the search. During the search, four folds of heroin were found in the driver's side door pocket, prompting defendant's arrest. In searching defendant, officers found thirty additional folds of heroin.[2] The continuing search of the vehicle

---

[2] Because it was a cold winter's morning, when defendant was asked to step out of the vehicle prior to the search, he asked if he could have his sweatshirt; he

A-0806-20

produced two folded dollar bills containing what police suspected to be heroin residue.

The crux of the appeal concerns whether Officer Parril had a "reasonable and articulable suspicion to believe that evidence of criminal wrongdoing" could be found in the vehicle "before seeking consent for the search." State v. Elders, 192 N.J. 224, 242 (2007). The judge found – and we defer to his findings because they are supported by sufficient credible evidence, State v. Robinson, 200 N.J. 1, 15 (2009) – that the combination of circumstances known to the officer, gathered during his proper and limited field inquiry, justified the request for defendant's consent to search the vehicle. The officer: was aware that this parking lot was known for drug use; saw the open container in the backseat; learned defendant had recently been arrested for drug possession in a vehicle in a neighboring town a week earlier; heard defendant lie about when he was previously arrested; and was offered defendant's consent to search the vehicle even before consent was requested.

We affirm the determination that the officer had the necessary reasonable and articulable suspicion to seek and accept defendant's consent to search the

---

also asked for a soda bottle that was in the car. The thirty folds of heroin found during the search of defendant incidental to his arrest were found in the soda bottle and sweatshirt.

A-0806-20

vehicle substantially for the reasons set forth by Judge David H. Ironson in his thorough and well-reasoned written decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

5